IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ERNEST FRANK THOMAS,<br><br>    Plaintiff,<br><br>    v.<br><br>AFFORDABLE LOAN COMPANY,<br><br>    Defendant. | Case No. 3:23-cv-00092-JMK |

## ORDER OF DISMISSAL

Self-represented litigant Ernest Frank Thomas ("Plaintiff") filed a civil rights complaint against the Affordable Loan Company, a civil cover sheet, an application to waive the filing fee, a motion for "violations of the Doctrine of Unconscionability," and a motion for "violations of the Doctrine of Unclean Hands."[1] Plaintiff brings claims of fraud, due process, cruel and unusual punishment, and legal malpractice. For relief, he seeks $100,000 in damages; punitive damages in the amount of $500,000; a cease-and-desist order; and a declaration that case is settled, and for used car dealerships to be included under payday loan sanctions. The Court now screens the Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A.

## SCREENING STANDARD

In all civil cases in which a self-represented litigant has filed a motion to waive the filing fee, federal law requires the federal district court to screen the

---

[1] Dockets 1–5.

claims made in the complaint. Under 28 U.S.C. §§ 1915, 1915A (the screening laws), a complaint must be dismissed if the action is:

- frivolous or malicious;

- fails to state a claim on which relief may be granted; or

- seeks monetary relief from a defendant who is immune from such relief.

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[2] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[3]

## DISCUSSION

### I. Requirements to State a Claim

To determine whether a complaint states a valid claim on which relief may be granted, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[4] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[5] Factual

---

[2] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[3] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[5] *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

Case No. 3:23-cv-00092-JMK, *Thomas v. Affordable Loan Company*
Order of Dismissal
Page 2 of 8
Case 3:23-cv-00092-JMK   Document 7   Filed 12/20/23   Page 2 of 8

allegations may not be speculative; rather, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[6]

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[7] A complaint should set out each claim for relief separately. Each claim should identify (1) the specific harm that Plaintiff is alleging has occurred to him, (2) when that harm occurred, (3) where that harm was caused, and (4) who he is alleging caused that specific harm to him. While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[8] A complaint is insufficiently plead if it offers "naked assertions devoid of further factual enhancement."[9]

Plaintiff's Complaint does not contain sufficient plausible facts to meet the requirements of Rule 8 of the Federal Rules of Civil Procedure for a civil rights action under 42 U.S.C. § 1983 ("Section 1983"). Therefore, the Court must dismiss the Complaint.

---

[6] *Ashcroft*, 556 U.S. at 678.

[7] Federal Rule of Civil Procedure (FRCP) 8(a)(2).

[8] *Id.*

[9] *Id.* (internal citations and quotations omitted).

Case No. 3:23-cv-00092-JMK, *Thomas v. Affordable Loan Company*
Order of Dismissal
Page 3 of 8
Case 3:23-cv-00092-JMK   Document 7   Filed 12/20/23   Page 3 of 8

## II. Civil Rights Actions

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[10] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[11] To be deprived of a right, the defendant's action needs to either violate rights guaranteed by the Constitution or an enforceable right created by federal law.[12] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[13] Constitutional rights are those conferred by the U.S. Constitution to individual citizens. Section 1983 can be used as a mechanism for enforcing the rights guaranteed by a particular federal statute only if (1) the statute creates enforceable rights and (2) Congress has not foreclosed the possibility of a Section 1983 remedy for violations of the statute in question.[14] Section 1983 does not provide a mechanism for remedying alleged

---

[10] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[11] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[12] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340–41 (1997).

[13] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[14] *Blessing v. Freestone*, 520 U.S. 329, 340–41 (1997); *Dittman v. California*, 191 F.3d 1020, 1027–28 (9th Cir. 1999).

Case No. 3:23-cv-00092-JMK, *Thomas v. Affordable Loan Company*
Order of Dismissal
Page 4 of 8
Case 3:23-cv-00092-JMK   Document 7   Filed 12/20/23   Page 4 of 8

violations of state law.[15]  However, where a violation of state law is also a violation of a federal constitutional right, Section 1983 may provide a cause of action.[16]

### A.  Defendant Must Be a Person Acting Under Color of State Law

Plaintiff names the Affordable Loan Company as the sole Defendant.  As an initial matter, a defendant in a civil rights lawsuit must be a "person," not an agency or company.  Further, a defendant must have acted "under color of state law."  This means that the person who is being sued must have been working as an employee or contractor with the state or must have been working in an agreement with a state employee or contractor, when the violation of rights occurred.  Plaintiff names what appears to be a private company, not an individual.  Further, Plaintiff has not alleged facts raising a plausible inference of state action.  Because Plaintiff has not named a proper defendant, this case must be dismissed.

### B.  Plaintiff Has Not Established a Basis for Jurisdiction

Even if Plaintiff had named a proper defendant, the Court cannot establish a basis for jurisdiction.  Jurisdiction is "[a] court's power to decide a case or issue a decree."[17]  A court's subject matter jurisdiction is its "statutory or constitutional power to adjudicate a case."[18]  As a federal court, this Court has limited subject matter jurisdiction.  It possesses "only that power authorized by the Constitution

---

[15] *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007).

[16] *Lovell v. Poway Unified Sch. Dist.,* 90 F.3d 367, 370 (9th Cir. 1996).

[17] BLACK'S LAW DICTIONARY, (11th ed. 2019).

[18] *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 89 (1998).

Case No. 3:23-cv-00092-JMK, *Thomas v. Affordable Loan Company*
Order of Dismissal
Page 5 of 8
Case 3:23-cv-00092-JMK   Document 7   Filed 12/20/23   Page 5 of 8

and statute."[19] This means that the Court has the authority to hear only specified types of cases.[20] "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331."[21] To avoid dismissal, a plaintiff must make a legal sufficient showing of jurisdictional facts.[22]

Because all parties are citizens of Alaska, the Court does not have diversity jurisdiction.[23] Further, Plaintiff fails to state facts that if proven could state a plausible claim under the United States Constitution or federal statutes. Plaintiff brings some allegations, *e.g.,* claims of due process and freedom from cruel and unusual punishment, over which a federal court may have subject matter jurisdiction. However, the facts in the Complaint do not support such claims. As indicated above, constitutional claims may only be brought against state actors, not private individuals or companies. Further, the protections of the Eighth Amendment are "reserved for 'those convicted of crimes' . . . ."[24] Plaintiff was not

---

[19] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. at 377 (citations omitted); *see also A-Z Intern. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003).

[20] *See, e.g., United States v. Marks*, 530 F.3d 779, 810 (9th Cir. 2008); *Daimler Chrysler v. Cuno*, 547 U.S. 332, 342 (2006); *United States v. Sumner*, 226 F.3d 1005, 1010 (9th Cir. 2000).

[21] *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005).

[22] *Lake v. Lake,* 817 F.2d 1416, 1420 (9th Cir. 1987).

[23] *See Haapaniemi v. Anchorage Daily News, et al.,* Case No. 3:22-cv-00143-SLG, Docket (finding Plaintiff a domiciliary of Alaska).

[24] *Hawkins v. Comparet-Cassani*, 251 F.3d 1230, 1238 (9th Cir. 2001) (quoting *Whitley*, 475 U.S. at 318); *see also Ingraham v. Wright*, 430 U.S. 651, 671–72 n.40 (1977) ("Eighth Amendment

a convicted prisoner in the custody of the state at the time of the alleged violations, and as such, the Eighth Amendment does not apply. The remainder of Plaintiff's claims are common-law tort claims arising under Alaska state law. Such claims are more appropriately brought in state court. Moreover, Plaintiff appears to have a related ongoing case in the state court,[25] and federal courts must abstain from interfering with state judicial proceedings when (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates an important state interest; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of enjoining ongoing state proceedings.[26]

In conclusion, the Court does not have original jurisdiction, and the Court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims.[27] Plaintiff fails to demonstrate proper jurisdiction and fails to state a claim

---

scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions.").

[25] Docket records of the Alaska Trial Courts and the Alaska Appellate Courts may be accessed online at https://courts.alaska.gov/main/search-cases.htm. See *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("we may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted).

[26] *Hanover Ins. Co. v. Fremont Bank,* 68 F. Supp. 3d 1085, 1107 (N.D. Cal. 2014); *Younger v. Harris,* 401 U.S. 37 (1971).

[27] *See* 28 U.S.C. § 1367(c)(3) (once all federal claims have been dismissed from a case, whether to retain jurisdiction over any remaining state law claims is left to the discretion of the district court.

Case No. 3:23-cv-00092-JMK, *Thomas v. Affordable Loan Company*
Order of Dismissal
Page 7 of 8
Case 3:23-cv-00092-JMK   Document 7   Filed 12/20/23   Page 7 of 8

upon which relief may be granted. The Court finds amendment would be futile and will not grant leave to amend.

**IT IS THEREFORE ORDERED:**

1. This action is **DISMISSED** for failing to state a claim upon which relief could be granted and lack of jurisdiction.

**2.** All pending motions are **DENIED as moot.**

3. The Clerk shall issue a final judgment.

DATED this 20th day of December, 2023, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

Case No. 3:23-cv-00092-JMK, *Thomas v. Affordable Loan Company*
Order of Dismissal
Page 8 of 8
Case 3:23-cv-00092-JMK   Document 7   Filed 12/20/23   Page 8 of 8